**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0500n.06**
**Filed: August 15, 2008**

**No. 07-3464**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VINCENT MARBLEY, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before: MARTIN, ROGERS, and SUTTON, Circuit Judges.

This appeal raises one issue: Does a district court at sentencing have authority not to follow the sentencing guidelines' disparate treatment of crack and powder cocaine offenses? The district court in this case held that it had no such authority. Subsequent to that determination, the Supreme Court held that a sentencing "judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558, 564 (2007). In view of *Kimbrough*, the government concedes that we should remand this case for resentencing. We agree and therefore vacate the sentence and remand the case to the district court for resentencing in light of *Kimbrough*.

ENTERED BY ORDER OF THE COURT

_____
Leonard Green, Clerk